UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                                    )
                                                          )
COPYBOY PUBLICATIONS, INC.          )          Case No. 08-10603-SSM
                                                          )          Chapter 11
            Debtor                                  )

**MEMORANDUM OPINION AND ORDER
DENYING APPLICATION FOR INTERIM COMPENSATION**

Before the court is the application filed by Dunlap, Grubb & Weaver, PLLC, on April 28, 2008, for interim allowance of $34,693.17 in compensation and reimbursement of expenses as attorneys for the debtor in possession. The Middleburg Bank, as holder of a claim secured by all of the debtor's assets, has objected.[1] A hearing was held on May 20, 2008, at which the court heard the contentions of the parties and also received the views of the United States Trustee. For the reasons stated, the application will be denied without prejudice to its renewal.

Background

Copyboy Publications, Inc., is the publisher of a community newspaper in Loudoun County, Virginia, known as the Loudoun Independent. It filed a voluntary petition in this court on February 9, 2008, for reorganization under chapter 11 of the Bankruptcy Code, and has continued in possession of its estate as debtor in possession. The petition and schedules were prepared by the law firm of Dunlap, Grubb & Weaver. According to the statement of financial affairs and the law firm's Rule 2016 statement, the firm received a $10,000.00 retainer five days

---

[1] Six employees of the debtor also filed objections but withdrew them prior to the hearing.

1

prior to the chapter 11 filing.  On February 25, 2008, approximately two weeks after the petition was filed, the debtor in possession filed an application to employ the firm as its reorganization counsel.  That application was granted by order entered March 5, 2008.  Although two liquidating plans have been filed premised on a sale of the debtor's business as a going concern, the proposed purchaser has recently withdrawn its offer, and conversion of the case to chapter 7 is likely.

The application before the court requests a total of $33,926.44 in interim compensation and reimbursement of $766.73 in expenses for the period from February 9 to April 22, 2008.[2] Although the application is supported by detailed time records, there are no summaries showing the total number of hours expended at particular hourly rates (or, for that matter, even the total number of hours).[3] Additionally, although the time entries are tagged with task codes, there are no summaries to show the number of hours expended on particular tasks.  In any event, it is possible with the aid of an adding machine to determine that compensation is sought for a total of 110.95 hours by three different professionals and one paraprofessional at rates ranging from $105 to $350 per hour, for a "blended" rate of $306 per hour.  The fee application (like the employment application) is completely silent with respect to the $10,000 retainer.

<u>Discussion</u>

In acting on an application to approve professional compensation, a bankruptcy court is required to consider

---

[2] The figures stated in the application are inconsistent with the time and expense records, which show $33,902.50 in fees and $790.67 in expenses.  However, the total ($34,693.17) is the same.

[3] Because the same field is used on the time entries for both hours and expenses, the "total" shown for the time (2,5418.95 hours) is vastly inflated.

>    the nature, the extent, and the value of such services, taking into account all relevant factors, including---
>      (A) the time spent on such services;
>      (B) the rate charged for such services;
>      (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>      (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed;
>      (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>      (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

§ 330(a)(3), Bankruptcy Code.  To assist the United States Trustee (and ultimately, the court) in reviewing fee applications, the United States Trustee Program has promulgated guidelines for fee applications.  *See* http://www.usdoj.gov/ust/eo/rules_regulations/guidelines/docs/feeguide.htm and 28 C.F.R. Part 58 App.

 Among the information that should be provided is "Terms and conditions of employment and compensation, source of compensation, *existence and terms controlling use of a retainer*, and any budgetary or other limitations on fees" as well as "the amount of cash on hand or on deposit, the amount and nature of accrued unpaid administrative expenses, and the amount of unencumbered funds in the estate."  Guidelines (b)(1)(ii) and (2)(iii) (emphasis added).  Additionally, the guidelines require that a summary be prepared providing, among other information, "Total hours billed and total amount of billing for each person who billed time during billing period" and "Computation of blended hourly rate for persons who billed time during period, excluding paralegal or other paraprofessional time."  Guidelines (b)(3)(iv) and

(v). Further, unless the United States Trustee determines that project billing is not necessary in a particular case, time and service entries should be arranged by project categories and the application should show the number of hours expended and compensation requested for each category.  Finally, case law requires that attorneys seeking compensation from a bankruptcy estate exercise "billing judgment"—defined as "the voluntary reduction of a fee by counsel to a private client for services [that] either conferred a negligible benefit or were excessive"—and that the application disclose the number of hours written off in the exercise of billing discretion. *In re Vernon-Williams*, 377 B.R. 156, 192 (Bankr. E.D. Va. 2007) (quoting *In re Maxine's Inc.*, 304 B.R. 245, 249 (Bankr. D. Md. 2003).  *See also*, *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1984) ("At bottom, the number of hours must be reasonable and must represent the product of 'billing judgment'").

The primary complaint by Middleburg Bank is that the application, as presented, does not allow interested parties or the court to determine (at least not without considerable difficulty) whether the requested compensation is reasonable.  The court agrees.  Even though it might be possible for parties, were they so inclined, and with the assistance of an adding machine, to determine how much effort was expended, and compensation requested, for various aspects of the case, it is hardly reasonable that parties should be put to that kind of effort when the fee guidelines clearly require the applicant to supply that information as part of the fee application.  Additionally, even though chapter 11 professionals are not guarantors of the success of the reorganization effort, and even though the statute requires only that the services be "beneficial *at the time* at which the service was rendered" (emphasis added), nevertheless the fact remains that considerable effort has been expended to produce a plan (which itself contemplated *no*

distribution on general unsecured claims) that is dead in the water. In short, this is a case that cries out for the exercise of billing discretion to take account of the failure of the reorganization effort, even though the failure is by no means the fault of counsel. Finally, as noted, the court and the parties are left completely in the dark concerning the remaining amount, if any, of the retainer paid to the law firm immediately prior to the bankruptcy filing.

O R D E R

For the foregoing reasons, it is

**ORDERED:**

1. The application for interim compensation and reimbursement of expenses is denied without prejudice to the submission of a revised application comporting with the United States Trustee Program "Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330."

2. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____                     _____
                                                 Stephen S. Mitchell
Alexandria, Virginia                             United States Bankruptcy Judge

Copies to:

Copyboy Publications, Inc.
Attn:  Amy L. Burns
20735 Ashburn Road
Ashburn, VA 20147
Debtor in possession

Thomas Mansfield Dunlap, Esquire
Dunlap, Grubb & Weaver, P.C.
199 Liberty St. SW
Leesburg, VA 20175
Counsel for the debtor in possession

John B. Connor, Esquire
1033 North Fairfax Street
Suite 310
Alexandria, VA 22314
Counsel for Middleburg Bank

Frank Bove, Esquire
Office of the United States Trustee
115 South Union Street, Suite 210
Alexandria, VA  22314